### JOSHUA R. WORKS *vs.* FARMERS M. F. INS. Co.

The defendants, by their policy numbered 72,272, promised the plaintiff to pay him the amount insured upon his house, within three months next, after a loss and "notice thereof given," by the plaintiff, "in writing to the secretary within thirty days from the time such may have happened." In less than a week after the loss, the defendants' local agent gave the secretary a written notice of the following tenor: "James R. Works, of ... requests me to notify you that his house, insured in policy No. 72,272, was totally destroyed by fire on the 29th ult ;" to which the secretary replied by letter, acknowledging the receipt of the notice, and declaring that it will receive the attention of the directors, at their first meeting, and that "in all probability some one will be there to prepare the necessary papers before that time." In an action on the policy, *Held*, that no objection ever having been made to the notice, all exception thereto was thereby waived.

ON REPORT.

ASSUMPSIT on a policy of insurance against fire.

The case is fully stated in the opinion.

*W. J. Copeland*, for the plaintiff.

*Drew*, for the defendants.

BARROWS, J. Joshua R. Works, upon an application written by the defendants' agent, procured from the defendant company a policy, numbered 72,272, upon his dwelling-house, which was totally consumed by fire during the life of the policy. All the facts nec-

essary to entitle the plaintiff to recover the amount insured are admitted, if the notice and statement of loss are deemed sufficient.

By article 21 of the by-laws, it appears that "in cases of loss, the assured is required to make a statement, under oath, of his title and interest to the property, and of such other matters as may affect the insurance thereon." The company promised in the policy to pay within three months next after a loss and "notice thereof given as required by the act" of incorporation, unless the directors shall, within said three months, determine to rebuild or replace the property destroyed.

The provision, with regard to notice in the act referred to, is as follows:. "In case of any loss or damage . . . the said member shall give notice thereof, in writing, to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such loss or damage may have happened; and the directors, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss or damage."

In less than a week after the loss, a written notice was given to the secretary of the company in the form of a letter from the company's local agent, running thus: " James R. Works, of Berwick, requests me to notify you that his dwelling-house, insured in policy No. 72,272, was totally destroyed by fire on the night of the 29th ultimo ; " to which the secretary replied: " The notice through you of the loss of house by fire, insured to J. R. Works, policy 72,272, was received yesterday. It will receive the attention of the directors on the first Tuesday in December; that will be their first meeting. In all probability some one will be there to prepare the necessary papers before that time."

Nothing further appears to have been done. The directors apparently took no steps to ascertain or pay the amount of loss,—sent no one to call for or prepare any papers, and never suggested to the plaintiff, in any manner, that they considered his notice or statement defective, until they filed their specification of defense to this suit, which was commenced the following summer. They now

claim to be relieved from the payment of the loss by reason of the mistake in the plaintiff's Christian name and the want of a statement of his title, &c., under oath.

They admit his title and his loss. There is nothing in the evidence to suggest the idea that a further statement could have subserved any useful purpose. The assertions of counsel in argument, as to the existence of an imaginary brother and a fraudulent loss, can have no weight. The answer of the secretary shows that they were not misled by the mistake in the written notice. Good faith and honest dealing required that they should call the attention of the insured to the error and defect, if they intended to rely on them. Not having done so, they must be considered as having waived all exception to the claim for these causes. *Heath* v. *Franklin Ins. Co.*, 1 Cush. 257. *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 401.

> Judgment for plaintiff for amount insured
> and interest from Feb. 7, 1868.

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.